ROBERT DIGBY v. WILLIS J. DIGBY ET AL.

1. OPERATION OF SEC. 4162 REV. STAT. MAY BE PREVENTED BY CHANGING CHARACTER OF PROPERTY.

A relict of a deceased husband or wife acquiring an estate from a former deceased husband or wife does not take it impressed with a trust, but with an absolute right to dispose of and change the character of the property thus acquired so as to prevent the operation of Sec. 4162 Rev. Stat. upon it.

2. SECTION 4162 REV. STAT. SHOULD NOT BE CONSTRUED UPON EQUITABLE PRINCIPLES.

The provisions of Sec. 4162 Rev. Stat. are not to be construed upon equitable principles in the determination of questions arising thereunder which involve the descent of property, but the rights of the parties are to be determined by the legal title and their legal status.

3. MONEY RECEIVED FROM OIL DURING LIFETIME OF DECEDENT NOT CONTROLLED BY SEC. 4162 REV. STAT.

Money received during the lifetime of a deceased wife from the sale of oil from land which came to her from her husband, not being the identical property which came to her from him, its distribution after her death is not to be controlled by the provisions of Sec. 4162 Rev. Stat.

ERROR to Wood common pleas court.

**Beverstock & Donahey,** for plaintiffs in error, cited:

Section 4162 Rev. Stat., 74 O. L. 81; 78 O. L. 107; 84 O. L. 134; 86 O. L. 87; 87 O. L. 66; Stembel v. Martin, 50 Ohio St. 495; [35 N. E. Rep. 208]; Russell v. Bruer, 64 Ohio St. 1 [59 N. E. Rep. 740]; Bruer v. Johnson, 64 Ohio St. 7 [59 N. E. Rep. 741]; Caruthers v. Tarvin, 8 Re. 344 (7 Bull. 127); Tarvin v. Broughton, 8 Re. 451 (8 Bull. 21); affirmed by Supreme Court, November 11, 1884, without report; McDermott, In re, 13 Dec. 390.

The property at the time it came to Sarah A. Digby came to her as real estate for the reason that it is personal propety derived from the sale of oil received from the lands owned by her husband, John E. Digby. At the time it was devised to her, it was real estate for the reason it was a part and parcel of the real estate and had not been separated therefrom. Kelley v. Oil Co. 57 Ohio St. 317 [49 N. E. Rep. 399; 39 L. R. A. 765; 63 Am. St. Rep. 721].

**Baldwin & Harrington,** for defendants in error.

PARKER, J. (Orally.)

This action is brought to obtain a reversal of the judgment of the court of common pleas of this county.

The action was brought in the court below by the defendant in error, Willis J. Digby, as administrator of the estate of Sarah A. Digby deceased, asking the direction of the court in making distribution of certain property in his hands as such administrator, which property came to decedent, as is averred in the answer, in the way of moneys received from the sale of oil from lands owned by her husband John E. Digby, and which land came to her by devise from him.

John E. Digby died in the year 1891 without issue, but leaving as his relict, Sarah A. Digby. Sarah A. Digby died intestate in the year 1901 without issue, possessed of the real estate which had been thus devised to her and also, as is stated, of a large amount of personal property, or money derived from the sale of oil, crude petroleum, extracted from these lands.

A controversy having arisen between different sets of heirs as to how this fund arising from the sale of the oil should be distributed, the administrator has brought this action to obtain the advice and direction of the court upon it.

It is claimed by the heirs of Sarah A. Digby that the whole of this fund, together with the lands and other property coming from her husband, should go to them. It is claimed by the heirs of John E. Digby that at least one-half of this fund should go to them, under and by virtue of the provisions of Sec. 4162 Rev. Stat. The heirs of 'John E. Digby have filed an answer setting forth their relationships; setting forth that this fund was derived in the manner I have stated and praying for distribution to them of what they claim is their share. To that answer a general demurrer was filed and sustained, and judgment was entered against them, and therefore the heirs of John E. Digby prosecute error in this court to reverse that judgment. As I have stated, they claim under Sec. 4162 Rev. Stat. a part of the chapter of the Revised Statutes upon the subject of descent and distribution, which reads as follows:

"When the relict of a deceased husband or wife shall die intestate and without issue, possessed of any real estate or personal property which came to such intestate from any former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of Sec. 4159, then such estate, real and personal, shall pass to and vest in the children of said deceased husband, or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate, real or personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal represen--

Digby v. Digby.

tatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their personal representatives.

It is claimed by the plaintiff in error that with respect to this property, they come fully within the provisions of this statute. There has been no trouble about the division of the land; no trouble, I believe, about the distribution of certain personal property that the deceased, John E. Digby had devised to his wife and which remained in her possession as personal property at the time of her decease; but here it will be observed, is property which if it can be said to have come from John E. Digby, has changed its form and character.

The land came to Sarah A. Digby by devise from her husband; she operated oil wells upon that land; whether this money represents royalty or product coming to her as an operator we are not advised, and we think it makes no difference; whether the wells were opened and in operation at the time of the decease of her husband or whether they were afterwards drilled by her or in pursuance of authority from her, in the view we take of the case, makes no difference. She acquired the real estate from her husband; from this land she extracted the oil and sold it, and converted it into money, and of this fund she died possessed.

Now it is urged on the part of the plaintiff in error that this fund should be treated as land—a part of the land that came to her from her husband. Of course it cannot be said that it is personal property that came to her from her husband by devise or bequest, because at the time of his death he was not possessed of any such property as personal property. If he may be said to have been possessed of it, it was a part of the land; it was then in the land; but it is said that the changing of its character by her from real estate into personal estate, should not change the course of its descent; that it should be regarded for the purposes of this case, and for the purpose of fixing the line or course of descent, as a part of the land which she derived from her husband, its character as land should not be lost by its conversion into money; and we are cited to certain *nisi prius* decisions which seem to give some support to this view. Some of them are at least based upon the conclusion that the property there in question was not changed in character; that substantially the identical thing left by the husband or wife as the case may have been, was preserved intact by the surviving husband or wife until the decease of the latter.

It will be observed that this statute does not provide that the increase or profits of either real or personal property thus coming to the relict

shall be impressed with the same character or shall descend in the way there pointed out. We look upon the statute as providing that the very thing left by the deceased husband or wife to the relict must be preserved in form; that its character or substance shall not be changed, in order that the statute may operate upon it; and we regard the statute as analogous to Sec. 4158 Rev. Stat. in that respect, and as being properly subject to the same construction in cases of this character as has been put upon that section.

Section 4158 Rev. Stat. provides for the descent of ancestral property. Now it is well known that where one takes property as ancestral property and does not change his title, but dies seized of the same, in the same form and by the same title he inherited, it will descend under this section as ancestral property; but, should change in its form or title occur, it would not descend under this section, but under Sec. 4159 Rev. Stat. as nonancestral property. One taking an ancestral estate under Sec. 4158 Rev. Stat. does not take it as a trustee; he does not take it so that he is bound to preserve its character as an ancestral estate in order that it may descend as provided for the descent of ancestral property; but he takes it absolutely, with the full and unqualified right of disposition or *jus disponendi;* and it has been held that where two persons take their estates in this way from the same ancestor, and then make an exchange of their property, the property they thus acquire in exchange they do not hold as ancestral property, but it becomes nonancestral property. It is so held in the case of Brower v. Hunt, 18 Ohio St. 311, the syllabus of which reads as follows:

"The title to real estate which must have come to an intestate by devise, or deed of gift from an ancestor, to constitute ancestral property, is the title under which the intestate immediately held.

"Where specific tracts of land had been allotted to codevisees in pursuance of directions in the will of their ancestor, and, afterward, one conveyed his tract to a codevisee' for a moneyed consideration as expressed in the deed, but in fact for a like conveyance, by the latter, of the tract he has received in the partition: *Held,* that the title of neither was derived directly by devise from the ancestor, and that, for the purposes of descent, each was to be regarded as a purchaser."

They might, for the very purpose of changing the course of descent change it from ancestral to nonancestral property, and they would not be guilty of any legal wrong in so doing. A person receiving ancestral property in that way, would have a perfect right to do that, because he does not receive it as a trustee. He may sell it or convey it away,

or so manipulate his affairs as to convey it, and have it reconveyed to himself, henceforth holding it as nonancestral property. Now it will be observed that these sections both appear in this chapter and that they read very much alike.

Section 4158 Rev. Stat. reads:

"When a person dies intestate, having title or right to any real estate or inheritance in this state, which title came to such intestate by descent, devise, or deed of gift from an ancestor, such estate shall descend and pass," etc.

Section 4162 Rev. Stat. reads:

"When the relict of a deceased husband or wife shall die intestate and without issue, possessed of any real estate or personal property which came to such intestate from any former deceased husband or wife by deed of gift, devise or bequest, or under the provisions of Sec. 4159, then such estate, real and personal, shall pass to and vest," etc.

We think what I have stated with respect to Sec. 4158 Rev. Stat. is true of Sec. 4162 Rev. Stat. that the person acquiring the estate from a deceased husband or wife, does not take it impressed with a trust—does not take it as a trustee, but takes it with an absolute right to dispose of it, and a right to change the character of the property so as to prevent the operation of this statute upon it; that he may rightfully change it so that it may not be said that the title of which the person died seized was derived immediately from a deceased husband or wife, and so that it may not be said that the property of which the person died possessed, was the personal property or real estate which came from the deceased husband or wife, as the case may be.

Now that being our view of the statute, and it being clear that this fund it not the identical property, whether real estate or personal property, coming from John E. Digby, but is issue therefrom, or something derived from changing the character of that property, this statute does not operate upon the fund.

In line with Brower v. Hunt, *supra*, and the views I have here expressed with respect to Sec. 4158 Rev. Stat. is the case of Patterson v. Lamson, 45 Ohio St. 77 [12 N. E. Rep. 531]. There was a case in which a father purchased a certain tract of land for his daughter, a house and lot, quite valuable; he furnished all the funds and made a gift of that property to his daughter. But instead of having the property conveyed to himself and then conveying it to his daughter as a gift so she would have received it under this statute as a deed of gift from an ancestor, he caused the person from whom he purchased it to convey it

directly to her; she died thereafter intestate and without issue, leaving her husband surviving her. It was urged that the land should be treated as ancestral property, as property which came from her father by deed of gift; that equity would look through the form and get at the substance of the transaction; and the circuit court of the Cleveland circuit so held, Judge Haynes of this bench delivering the opinion of the circuit court; but the Supreme Court reversed that decision and held as follows:

''1. Under the statutes of descent and distribution, the course of descent of real estate is to be controlled by the legal title.

''2. Where the intestate's title to real estate is free from controversy, in determining its course of descent and whether it is ancestral or nonancestral property, the statutes of descent and distribution are not to be construed and administered upon equitable principles, but by rules of law.

''3. In determining, in such case, whether an instrument for the conveyance of land is a deed of gift or a deed of purchase, its recitals of the payment and receipt of the consideration are material; and a recital in such deed that the conveyance by the named grantor to the grantee is made in consideration of a specified sum of money received by such grantor from the grantee, so far concerns the operation and effect of the deed as that it is not competent to show, by parol proof, that such instrument is, in fact, a deed of gift from a person not named in it, and that the named consideration was in fact paid by him.

''4. A father desiring to make his daughter a wedding gift, bargained for a tract of land, paid the agreed purchase price in money, and caused the vendor to convey it to the daughter just prior to her marriage. She died thereafter intestate, * * *: *Held*, the title to the land did not come to her 'by deed of gift from an ancestor,' within the meaning of Sec. 4158 Rev. Stat. * * * which provides that if the estate came not by devise, descent, or deed of gift, it shall, if there be no children or their legal representatives, descend and pass to the husband or wife relict of the intestate.''

That has been followed by the Supreme Court in a number of cases since then, one decided last winter.

We think and hold that what is true of Sec. 4158 Rev. Stat. is true as well of Sec. 4162, viz., that such questions thereunder are not considered or determined upon equitable principles; that the legal title and the legal status determine the rights of the parti   when it comes to the matter of descent of property, and so holding, we affirm the judgment of the court of common pleas.

**Hull** and **Haynes, JJ.**, concur.